SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITY OF LOS ANGELES, a public entity; LOS ANGELES POLICE DEPARTMENT, a public entity; and DOES 1 through 20 inclusive
Individuals Acting In Official Capacity

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ADAM COOK and DEANDRE ADAMS, Individuals,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**FILED**
Superior Court of California
County of Los Angeles

JUL 23 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By _Kristina Vargas_ Deputy
Kristina Vargas

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Stanley Mosk Courthouse
111 N. Hill St., Los Angeles CA 90012

**CASE NUMBER:**
*(Número del Caso):*
BC714644

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Garrett J. Hines Esq., 287 S. Robertson Blvd., Beverly Hills, CA. 90211 (424) 250-8254

DATE: JUL 23 2018    Clerk, by _Kristina Vargas_, Deputy
(Fecha)    SHERRI R. CARTER (Secretario)    (Adjunto)

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* City of Los Angeles

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☑ other *(specify):* Public Entity
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**EXHIBIT 1 PAGE 9**

1 | Garrett J. Hines (SBN 198892)
2 | VICTIM COMPENSATION
  | LAW GROUP, APC
3 | 287 S. Robertson Blvd., # 302
  | Beverly Hills, CA 90211
4 | Tel: (424) 250-8254
  | Fax: (310) 444-7141
5 | victimscomplaw@gmail.com

6 | Attorney for PLAINTIFFS,
  | ADAM COOK and DEANDRE ADAMS

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 23 2018

Sherri R. Carter, Executive Officer/Clerk of Court
By: Kristina Vargas, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

ADAM COOK and DEANDRE ADAMS, Individuals,

PLAINTIFFS,

v.

CITY OF LOS ANGELES, a public entity; LOS ANGELES POLICE DEPARTMENT, a public entity; and DOES 1 through 20 inclusive, Individuals Acting in Official Capacity,

DEFENDANTS.

Case No.: BC714644

COMPLAINT FOR DAMAGES FOR:

1. Violation of Federal Civil Rights (42 U.S.C. § 1983);
2. Battery by Police Officers;
3. Excessive Use of Force (Unreasonable Detention) (42 U.S.C. § 1983);
4. Failure to Train (42 U.S.C. § 1983);
5. False Imprisonment;
6. Negligence (Excessive Force);
7. Supervisor Liability for Acts of Subordinates (42 U.S.C. § 1983);
8. Unreasonable Search Without a Warrant (42 U.S.C. § 1983); and
9. Intentional Infliction of Emotional Distress.

DEMAND FOR JURY TRIAL

///

1
COMPLAINT FOR DAMAGES

EXHIBIT 1 PAGE 10

PLAINTIFFS, ADAM COOK and DEANDRE ADAMS (hereinafter collectively "PLAINTIFFS"), respectfully allege, as follows:

### INTRODUCTION

1. PLAINTIFFS bring this action because they were wrongfully detained and assaulted during the detention by law enforcement officers at their residence. DEFENDANT LOS ANGELES POLICE DEPARTMENT ("LAPD") apparently received a call of a suspected robbery in progress. Upon arriving at the scene, instead of talking to PLAINTIFFS to verify their residence, Defendant law enforcement officers (sued herein as DOES 1-20) (hereinafter "DEFENDANT DOES 1-20") used unreasonable force to detain PLAINTIFFS causing physical injury to them which required hospitalization and treatment. PLAINTIFFS are informed and believe that such excessive force is consistent with the training, policy and practice of the LAPD.

### **PARTIES**

2. PLAINTIFFS are and at all times relevant herein, were individuals and residents of the County of Los Angeles, California.

3. DEFENDANT CITY OF LOS ANGELES is a public entity, registered as such in the City of Los Angeles, County of Los Angeles, California. PLAINTIFFS are informed and believe DEFENDANT LOS ANGELES POLICE DEPARTMENT is not a separate public entity, but a political subdivision of DEFENDANT CITY OF LOS ANGELES.

4. PLAINTIFFS are not aware of the true names and capacities of defendants sued herein as DOES 1-20, inclusive, and therefore sue each of these defendants under such fictitious names. These individual DOE defendants are alleged to be, or to have been, law enforcement officers employed by DEFENDANT CITY OF LOS ANGELES through DEFENDANT LOS ANGELES POLICE DEPARTMENT, who were acting under Color of Authority and in their Official Capacity at the time of the incident alleged herein. Some of these DOE defendants were supervising law enforcement officers who knew, or in the exercise of reasonable diligence should have known, of the subordinate DOE defendants' conduct alleged herein, but failed to intervene to prevent such wrongful conduct. PLAINTIFFS will amend this complaint to allege the true names and capacities of those additional individuals that were specifically involved in the alleged wrongful conduct described

herein, when their relative liabilities and identities are ascertained through discovery and investigation. PLAINTIFFS are informed and believe and thereon allege that each of the fictitiously named defendants are responsible in some manner for the occurrences and wrongful conduct alleged herein, and that each of the aforementioned defendants proximately caused PLAINTIFFS' injuries and damages as alleged herein.

## JURISDICTION AND VENUE

5. Jurisdiction and venue are proper as the PLAINTIFFS are residents of Los Angeles County and the incidents and injuries to PLAINTIFFS occurred in the City of Los Angeles, Los Angeles County.

6. On or about May 1, 2018, PLAINTIFFS, each of them, filed a Claim for Damages with DEFENDANT CITY OF LOS ANGELES also naming DEFENDANT LOS ANGELES POLICE DEPARTMENT. The Claims for Damages have been denied by operation of law.

## FACTUAL ALLEGATIONS

7. On or about February 13, 2018 at approximately 7:30 a.m., Atolani Akingbamigbe arrived at the home of PLAINTIFFS at 4024 Witzel Drive, Sherman Oaks, CA 91423. The three adult men were getting ready to attend a celebrity basketball game being held at the USC Galen Center. While loading gift bags that were being donated for the event in Mr. Akingbamigbe's vehicle, PLAINTIFFS heard a Police helicopter overhead.

8. Between approximately eight to 15 police officers swarmed onto the residence, apparently under the mistaken belief that a home robbery was in progress.

9. With guns and shotguns drawn, Police officers first directed Mr. Akingbamigbe out of his vehicle and unto the ground in the middle of the street. He had been in his vehicle in the garage with the garage door open.

10. Plaintiff Adams came out of the home and attempted to explain that this was his residence and that Mr. Akingbamigbe was with him. Plaintiff Adams was, however, directed onto the ground in the street with firearms drawn on him.

11. Plaintiff Cook then exited the house, also attempting to explain to the officers that this was his residence. PLAINTIFFS continued to try and explain to the officers that this was their home, while offering proof that they lived at the home.

12. Instead of talking to the PLAINTIFFS and asking them for their identification or proof that this was the home of Plaintiff Cook and Plaintiff Adams, the LAPD officers detained PLAINTIFFS without cause and for an unreasonable period of time.

13. During the unlawful detention, the officers used excessive force upon PLAINTIFFS causing them physical injuries. PLAINTIFFS' arms and wrists were twisted behind their back and the officers kneed PLAINTIFFS in their back while they were handcuffed and lying face down on the street. As a result, PLAINTIFFS suffered back injuries.

14. Plaintiff Cook, a disabled veteran, also suffered fractured ribs and a right shoulder (rotator cuff) injury. While handcuffed, Plaintiff Cook was dragged and dropped on his knees multiple times, causing injury to his left knee.

15. Plaintiff Adams suffered injury to his left arm and wrist, as well as back pain.

16. PLAINTIFFS have received and are continuing to receive treatment for their physical injuries. The costs for such treatment are currently unknown.

17. In addition to their physical injuries, PLAINTIFFS have suffered and continue to suffer severe emotional distress as a direct and proximate result of the conduct alleged herein.

18. PLAINTIFFS were never a flight risk. At no time did they resist arrest or pose a threat of harm to the police officers. There was simply no justification for the amount of force that was used to detain them. The officers used force as a first resort, instead of simply talking to PLAINTIFFS to verify that this was the residence of PLAINTIFFS. PLAINTIFFS are informed and believe these are the aggressive policies, tactics, customs and practices of the LAPD.

19. During the unlawful detention, the LAPD officers also conducted a warrantless and nonconsensual search of the home. Plaintiff Adams and Mr. Akingbamigbe, who were loading the vehicle at the time of the incident, are African American. One of the officers told Plaintiff Cook, "You know how this looks, right?"

///

# FIRST CAUSE OF ACTION

## VIOLATION OF FEDERAL CIVIL RIGHTS

### (42 U.S.C. § 1983)

**(Against DEFENDANTS DOES 1-20)**

20. PLAINTIFFS incorporate and reallege each and every paragraph above as if fully repeated herein.

21. Section 1983 of the U.S. Code, Title 42, provides in part as follows: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ."

22. "42 U.S.C. § 1983 creates a cause of action against a person who, acting under color of state law, deprives another of rights guaranteed under the Constitution. Section 1983 does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." (*Jones v. Williams* (9th Cir. 2002) 297 F.3d 930, 934.)

23. "By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law." (*Catsouras v. Department of California Highway Patrol* (2010) 181 Cal.App.4th 856, 890.)

24. "An individual acts under color of state law when he or she exercises power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " (*Naffe v. Frey* (9th Cir. 2015) 789 F.3d 1030, 1036.)

25. "Section 1983 claims may be brought in either state or federal court." (*Pitts v. County of Kern* (1998) 17 Cal.4th 340, 348.)

26. By committing the acts alleged herein, PLAINTIFFS are informed, believe and herein allege that DEFENDANTS DOES 1-20 intentionally, and/or with deliberate indifference, and/or

5
COMPLAINT FOR DAMAGES

EXHIBIT 1 PAGE 14

negligently deprived PLAINTIFFS of their constitutional rights, including the rights to be free from excessive force, unlawful detention, battery/assault, and unlawful search of PLAINTIFFS' persons and property without a warrant.

27. The use of force upon PLAINTIFFS by DEFENDANTS DOES 1-20 was excessive and unnecessary as there was no physical resistance by the PLAINTIFFS and no reasonable threat to officer (or public) safety.

28. PLAINTIFFS are informed, believe and herein allege that the conduct of DEFENDANTS DOES 1-20 alleged herein violated PLAINTIFFS' constitutional rights protected by the Fourth, Eighth, and Fourteenth Amendments.

29. PLAINTIFFS further allege that in doing the acts herein alleged, DEFENDANTS DOES1-20 violated clearly established statutory and constitutional rights of which a reasonable person/peace officer would have known.

30. By committing the acts alleged herein, PLAINTIFFS are informed, believe and herein allege that DEFENDANTS DOES 1-20 were acting or purporting to act in the performance of their official duties and under color of state law, as law enforcement officers employed by DEFENDANT CITY OF LOS ANGELES and DEFENDANT LOS ANGELES POLICE DEPARTMENT.

31. PLAINTIFFS were harmed (physically and emotionally) by the conduct of DEFENDANTS DOES 1-20.

32. The conduct of DEFENDANTS DOES 1-20 were a substantial factor in causing PLAINTIFFS the injuries and damages alleged herein.

33. The acts of DEFENDANTS DOES 1-20, as alleged herein were willful, wanton, and malicious and were intended to oppress and cause injury to PLAINTIFFS. In light of the willful, wanton, malicious and intentional conduct engaged in by DEFENDANTS DOES 1-20, PLAINTIFFS are entitled to an award of punitive damages against these defendants.

///
///
///
///

## SECOND CAUSE OF ACTION

## BATTERY BY POLICE OFFICERS

### (Against DEFENDANTS DOES 1-20)

34. PLAINTIFFS incorporate and reallege each and every paragraph above as if fully repeated herein.

35. As alleged herein, on or about February 13, 2018, DEFENDANTS DOES 1-20, intentionally touched PLAINTIFFS.

36. As alleged herein, on or about February 13, 2018, DEFENDANTS DOES 1-20, used unreasonable force to detain PLAINTIFFS.

37. PLAINTIFFS did not consent to the use of such force.

38. The use of force upon PLAINTIFFS by DEFENDANTS DOES 1-20 was excessive and unnecessary as there was no physical resistance by the PLAINTIFFS and no reasonable threat to officer (or public) safety.

39. PLAINTIFFS were harmed (physically and emotionally) by the conduct of DEFENDANTS DOES 1-20.

40. The conduct of DEFENDANTS DOES 1-20 were a substantial factor in causing PLAINTIFFS the injuries and damages alleged herein.

41. The acts of DEFENDANTS DOES 1-20, as alleged herein were willful, wanton, and malicious and were intended to oppress and cause injury to PLAINTIFFS. In light of the willful, wanton, malicious and intentional conduct engaged in by DEFENDANTS DOES 1-20, PLAINTIFFS are entitled to an award of punitive damages against these defendants.

## THIRD CAUSE OF ACTION

## EXCESSIVE USE OF FORCE (UNREASONABLE DETENTION)

### (42 U.S.C. § 1983)

### (Against DEFENDANTS DOES 1-20)

42. PLAINTIFFS incorporate and reallege each and every paragraph above as if fully repeated herein.

43. As alleged herein, on or about February 13, 2018, DEFENDANTS DOES 1-20, used force in detaining PLAINTIFFS. The force used by DEFENDANTS DOES 1-20 was excessive.

44. DEFENDANTS DOES 1-20 were acting or purporting to act in the performance of their official duties, as police officers for the Los Angeles Police Department.

45. The use of force upon PLAINTIFFS by DEFENDANTS DOES 1-20 was excessive and unnecessary as there was no physical resistance by the PLAINTIFFS and no reasonable threat to officer (or public) safety.

46. PLAINTIFFS were harmed (physically and emotionally) by the conduct of DEFENDANTS DOES 1-20.

47. The conduct of DEFENDANTS DOES 1-20 were a substantial factor in causing PLAINTIFFS the injuries and damages alleged herein.

48. The acts of DEFENDANTS DOES 1-20, as alleged herein were willful, wanton, and malicious and were intended to oppress and cause injury to PLAINTIFFS. In light of the willful, wanton, malicious and intentional conduct engaged in by DEFENDANTS DOES 1-20, PLAINTIFFS are entitled to an award of punitive damages against these defendants.

## FOURTH CAUSE OF ACTION

## FAILURE TO TRAIN (42 U.S.C. § 1983)

## (Against DEFENDANTS CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT)

49. PLAINTIFFS incorporate and reallege each and every paragraph above as if fully repeated herein.

50. PLAINTIFFS are informed, believe and herein allege that at all relevant times herein DEFENDANTS CITY OF LOS ANGELES's and LOS ANGELES POLICE DEPARTMENT's training program was not adequate to train its officers/employees regarding unreasonable detention, unlawful search and unreasonable/excessive use of force.

51. PLAINTIFFS are informed, believe and herein allege that at all relevant times herein DEFENDANTS CITY OF LOS ANGELES and LOS ANGELES POLICE DEPARTMENT knew because of a pattern of similar violations, or it should have been obvious to it, that the inadequate

training program was likely to result in a deprivation of the right to be free from unreasonable detention, unlawful search and/or unreasonable/excessive use of force.

52. PLAINTIFFS are informed, believe and herein allege that DEFENDANTS DOES 1-20 violated PLAINTIFFS' right to be free from unreasonable detention, unlawful search and unreasonable/excessive use of force.

53. PLAINTIFFS are informed, believe and herein allege that the failure to provide adequate training was the cause of the deprivation of PLAINTIFFS' right to be free from unreasonable detention, unlawful search and unreasonable/excessive use of force.

### FIFTH CAUSE OF ACTION
### FALSE IMPRISONMENT
(Against DEFENDANTS DOES 1-20)

54. PLAINTIFFS incorporate and reallege each and every paragraph above as if fully repeated herein.

55. On or about February 13, 2018, DEFENDANTS DOES 1-20, intentionally deprived PLAINTIFFS of their freedom of movement by use of physical force, threat of physical force and arrest, and unreasonable duress.

56. The detention compelled PLAINTIFFS to remain detained for an unreasonable amount of time.

57. PLAINTIFFS did not consent to the unlawful detention.

58. PLAINTIFFS were harmed (physically and emotionally) by the conduct of DEFENDANTS DOES 1-20.

59. The conduct of DEFENDANTS DOES 1-20 were a substantial factor in causing PLAINTIFFS the injuries and damages alleged herein.

60. The acts of DEFENDANTS DOES 1-20, as alleged herein were willful, wanton, and malicious and were intended to oppress and cause injury to PLAINTIFFS. In light of the willful, wanton, malicious and intentional conduct engaged in by DEFENDANTS DOES 1-20, PLAINTIFFS are entitled to an award of punitive damages against these defendants.

///

## SIXTH CAUSE OF ACTION

### NEGLIGENCE (EXCESSIVE FORCE)

**(Against DEFENDANTS DOES 1-20)**

61. PLAINTIFFS incorporate and reallege each and every paragraph above as if fully repeated herein.

62. On or about February 13, 2018, DEFENDANTS DOES 1-20, used force in detaining PLAINTIFFS.

63. The amount of force DEFENDANTS DOES 1-20, used on PLAINTIFFS was unreasonable.

64. PLAINTIFFS were harmed (physically and emotionally) by the conduct of DEFENDANTS DOES 1-20.

65. The conduct of DEFENDANTS DOES 1-20 were a substantial factor in causing PLAINTIFFS the injuries and damages alleged herein.

66. The acts of DEFENDANTS DOES 1-20, as alleged herein were willful, wanton, and malicious and were intended to oppress and cause injury to PLAINTIFFS. In light of the willful, wanton, malicious and intentional conduct engaged in by DEFENDANTS DOES 1-20, PLAINTIFFS are entitled to an award of punitive damages against these defendants.

## SEVENTH CAUSE OF ACTION

### SUPERVISOR LIABILITY FOR ACTS OF SUBORDINATES

**(42 U.S.C. § 1983)**

**(Against DEFENDANTS DOES 1-20)**

67. PLAINTIFFS incorporate and reallege each and every paragraph above as if fully repeated herein.

68. On or about February 13, 2018, DEFENDANTS DOES 1-20, used excessive force when unlawfully detaining PLAINTIFFS. DEFENDANTS DOES 1-20 also committed an unlawful search of PLAINTIFFS' person and home. DEFENDANTS DOES 1-20 include supervising law enforcement officers who knew, or in the exercise of reasonable diligence should have known, of the

wrongful conduct of the subordinate law enforcement officers involved in the unlawful detention and excessive force.

69. DEFENDANTS DOES 1-20 (supervising officers) knew and/or should have known that the wrongful conduct created a substantial risk of harm to PLAINTIFFS.

70. DEFENDANTS DOES 1-20 (supervising officers) disregarded that risk by expressly approving, impliedly approving and/or failing to take adequate action to prevent the wrongful conduct.

71. PLAINTIFFS were harmed (physically and emotionally) by the conduct of DEFENDANTS DOES 1-20 (supervising officers).

72. The conduct of DEFENDANTS DOES 1-20 (supervising officers) were a substantial factor in causing PLAINTIFFS the injuries and damages alleged herein.

73. The acts of DEFENDANTS DOES 1-20 (supervising officers), as alleged herein were willful, wanton, and malicious and were intended to oppress and cause injury to PLAINTIFFS. In light of the willful, wanton, malicious and intentional conduct engaged in by DEFENDANTS DOES 1-20, PLAINTIFFS are entitled to an award of punitive damages against these defendants.

### EIGHTH CAUSE OF ACTION

### UNREASONABLE SEARCH WITHOUT A WARRANT

### (42 U.S.C. § 1983)

### (Against DEFENDANTS DOES 1-20)

74. PLAINTIFFS incorporate and reallege each and every paragraph above as if fully repeated herein.

75. On or about February 13, 2018, DEFENDANTS DOES 1-20, searched PLAINTIFFS' persons and the home of PLAINTIFFS.

76. DEFENDANTS DOES 1-20, did not have a warrant to search PLAINTIFFS' person or home.

77. DEFENDANTS DOES 1-20 were acting or purporting to act in the performance of their official duties as LAPD law enforcement officers.

78. DEFENDANTS DOES 1-20 did not have a reasonable basis to search PLAINTIFFS' person or home and the search conducted was unreasonable in its scope. PLAINTIFFS did not consent to the unlawful search.

79. PLAINTIFFS were harmed (physically and emotionally) by the conduct of DEFENDANTS DOES 1-20.

80. The search of DEFENDANTS DOES 1-20 were a substantial factor in causing PLAINTIFFS the injuries and damages alleged herein.

81. The acts of DEFENDANTS DOES 1-20, as alleged herein were willful, wanton, and malicious and were intended to oppress and cause injury to PLAINTIFFS. In light of the willful, wanton, malicious and intentional conduct engaged in by DEFENDANTS DOES 1-20, PLAINTIFFS are entitled to an award of punitive damages against these defendants.

## NINTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against DEFENDANTS DOES 1-20)

82. PLAINTIFFS incorporate and reallege each and every paragraph above as if fully repeated herein.

83. As alleged herein, on or about February 13, 2018, DEFENDANTS DOES 1-20 deprived PLAINTIFFS of their constitutional civil rights secured by the Fourth Amendment (unlawful search) and Eighth Amendment (cruel and unusual punishment).

84. The conduct of DEFENDANTS DOES 1-20 was extreme and outrageous with wanton and reckless disregard of the probability of causing PLAINTIFFS to suffer severe emotional distress. Such conduct exceeds that tolerated in a civilized community.

85. As a direct and proximate result of the extreme and outrageous conduct engaged in by DEFENDANTS DOES 1-20, PLAINTIFFS have suffered and continue to suffer severe emotional distress, humiliation, mental anguish and extreme emotional and physical distress all to their general damage in an amount according to proof at trial.

86. The actions of DEFENDANTS DOES 1-20 have caused and continue to cause PLAINTIFFS substantial losses in earnings, significant reputation and professional injury, loss of

work-related opportunities and other employment benefits, lost wages, medical expenses, future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to their damages and detriment and in an amount according to proof.

87. The conduct of DEFENDANTS DOES 1-20 were a substantial factor in causing PLAINTIFFS the injuries and damages alleged herein.

88. The acts of DEFENDANTS DOES 1-20, as alleged herein were willful, wanton, and malicious and were intended to oppress and cause injury to PLAINTIFFS. In light of the willful, wanton, malicious and intentional conduct engaged in by DEFENDANTS DOES 1-20, PLAINTIFFS are entitled to an award of punitive damages against these defendants.

**PRAYER FOR RELIEF**

WHEREFORE PLAINTIFF PRAYS FOR JUDGMENT AGAINST DEFENDANTS AS FOLLOWS:

1. For Special/Compensatory Damages (economic damages), past and future, including lost income and benefits and medical/mental health expenses according to proof;
2. For General Damages, past and future, including pain and suffering (noneconomic damages) according to proof;
3. For Punitive Damages, as to the First, Second, Third, Fifth, Sixth, Seventh, Eighth and Ninth causes of actions (against the individual DOE defendants only);
4. For reasonable Attorney Fees as to the First, Third, Fourth, Seventh and Eighth causes of actions;
5. For Interest on all damages (prejudgment and post-judgment);
6. For Injunctive and Declaratory Relief as to the First, Third, Fourth, Seventh Eighth causes of actions;
7. For Costs of suit incurred; and
8. For any other relief available by statute, case law or by order of the Court.

///
///
///

## DEMAND FOR JURY TRIAL

PLAINTIFFS respectfully requests trial by jury.

Dated: July 23, 2018

VICTIM COMPENSATION LAW GROUP, APC

*/s/ Garrett Hines*

Garrett J. Hines, Esq.
Attorney for PLAINTIFFS